UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ZAIRE PAIGE,

                Plaintiff,

            -against-

THE CITY OF NEW YORK, *et al.*,

                Defendants.
------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-5469 (SLT)(RER)

**TOWNES, United States District Judge:**

       In late November 2010, plaintiff Zaire Paige commenced this *pro se* action against the City of New York; two New York Police Department ("NYPD") officers, Detective Perez and Officer LaCoste; and two judges and an assistant district attorney ("ADA") involved in criminal proceedings against him. In a Memorandum and Order dated January 6, 2011 (the "Prior M&O"), this Court *sua sponte* dismissed (1) plaintiff's claims against the two judges on the grounds of judicial immunity; (2) those of plaintiff's claims against the ADA which related to conduct intimately associated with the judicial phase of the criminal process, and (3) those claims against Detective Perez which related to his conduct or testimony at plaintiff's trial. *See* Prior M&O at 1-2. The Court granted plaintiff leave to amend his complaint in order to explain the basis of any remaining claims against defendants Gough and Perez and the basis of his claims against the City of New York. *Id.*

       On April 28, 2011, plaintiff filed his amended complaint (the "Amended Complaint"), naming only the ADA and the two NYPD officers as defendants. However, the body of the Amended Complaint specifically names individuals other than the three defendants, and suggests that these defendants may have violated plaintiff's constitutional rights. For the reasons stated

below, plaintiff's claims against all defendants or potential defendants other than Detective Perez and Officer LaCoste are dismissed. In addition, this Court dismisses those claims against defendants Perez and LaCoste which allege that these two NYPD officers (1) testified falsely both before the grand jury and at plaintiff's trial or (2) subjected plaintiff to custodial interrogation without providing any *Miranda* warnings. However, this Court grants plaintiff leave to further amend his complaint to clarify his allegations concerning "secret" lineups.

### *The Amended Complaint*

Plaintiff's Amended Complaint lists only three defendants: ADA Gough, who prosecuted plaintiff at a trial beginning October 27, 2010, and ending December 2, 2010, and two NYPD officers – Rashan LaCoste and Detective Perez – who were involved in investigating plaintiff and who testified against plaintiff at his criminal trial. The Amended Complaint alleges that ADA Gough maliciously prosecuted plaintiff (Amended Complaint at ¶ 25), and violated plaintiff's rights in various respects during the course of trial. Specifically, plaintiff alleges that ADA Gough violated plaintiff's constitutional right to a fair trial by knowingly using false evidence (*id.* at ¶¶ 8-9 ); misrepresenting the facts by suggesting that plaintiff was the sole perpetrator (*id.* at ¶ 25) and had caused injury to individuals who were unable to identify plaintiff as their assailant (*id.* at ¶ 26); introducing tampered video evidence (*id.* at ¶ 28); making "slanderous allegations" suggesting plaintiff's involvement with gangs (*id.* at ¶ 29); and "using trickery to deny plaintiff his Constitutional right to appear in court on time" (*id.* at ¶ 36).

With respect to defendants Perez and LaCoste, the Amended Complaint principally alleges that these officers testified falsely both before the grand jury and at plaintiff's trial. However, the Amended Complaint also suggests that one or both of these detectives violated

plaintiff's constitutional rights by transporting plaintiff from "night court" to various precincts, where he was questioned without being informed of his Constitutional rights and placed in "secret" lineups before being returned to "night court" (*id.* at ¶¶ 18-21).

Although the Amended Complaint names only three defendants, and lists only these three defendants in that portion of the pleading entitled "Parties," it alludes to four other possible defendants. First, the Amended Complaint specifically mentions "Judge V. Del Giudice," who presided over plaintiff's criminal trial, and suggests that the justice denied plaintiff his right to be present throughout his criminal trial (*id.* at ¶ 34). Second, the Amended Complaint refers to a "Det. Thomas Donohue" and alleges that this detective and his unnamed partner "signed an unauthorized . . . [g]eneral consent for treatment form to have a [medical procedure] performed upon plaintiff" in order to remove a key from plaintiff's lung (*id.* at ¶ 33). Third, the Amended Complaint implies that someone at an unspecified prison facility deprived plaintiff of his right to attend his criminal trial by falsely informing the court that plaintiff was refusing to come to court. Fourth, the Amended Complaint asserts that the City of New York "bears responsibility" for the NYPD officers' actions because it lacked a procedure "put in place for a cause of action when Officers commit[] an Official act of Misconduct" (*id.* at ¶ 11).

## DISCUSSION

### *Standard of Review*

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte,* if it determines that the action is frivolous or that the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 363-364 (2d Cir.2000); Fed. R. Civ. P. 12(h)(3). An action is frivolous as a matter of

law when, *inter alia,* it is "based on an indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co..,* 141 F.3d 434, 473 (2d Cir. 1998). Thus, "[a] complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.' " *Montero v. Travis,* 171 F.3d 757, 760 (2d Cir. 1999) (*per curiam*) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)).

However, a document filed *pro se* is to be liberally construed, *see Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009), and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks omitted); *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008). Accordingly, a *pro se* complaint should not be dismissed without granting the *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*).

### *Plaintiff's Claims against ADA Gough*

As the Court explained in its Prior M&O, "prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' . . . insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed,* 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1991)). This absolute immunity "bars suit for malicious prosecution, even in the complete absence of even arguable probable cause." *Armatas v. Maroulleti,* No. 08-CV-310 (SJF)(RER), 2010 WL 4340437, at *12 (E.D.N.Y. Oct. 19, 2010) (citing *Bernard v. County of*

4

*Suffolk*, 356 F.3d 495, 502-05 (2d Cir. 2004)); *see also Conte v. County of Nassau*, No. 06-CV-4746, 2010 WL 3924677, *16 (E.D.N.Y. Sept. 30, 2010) ("Assuming *arguendo* that there was no probable cause to continue the prosecution . . . , the County defendants are protected by absolute immunity with respect to the decision to continue the ongoing prosecution.").

Plaintiff's Amended Complaint accuses ADA Gough of malicious prosecution and of engaging in other misconduct during the course of trial. However, all of the alleged misconduct was "intimately associated with the judicial phase of the criminal process." *See Burns*, 500 U.S. at 486; *Imbler*, 424 U.S. at 430-31. Accordingly, the Court finds that all of plaintiff's claims against ADA Gough are precluded by the doctrine of prosecutorial immunity.

### *Plaintiff's Claims against Detective Perez and Officer LaCoste*

Most of plaintiff's claims against these two NYPD officers allege that these officers testified falsely both before the grand jury and at plaintiff's trial. As discussed in the Prior M&O, police officers have absolute immunity from liability for damages arising out of false testimony. *Briscoe v. La Hue*, 460 U.S. 325, 345-46 (1983). Accordingly, all of plaintiff's claims alleging perjury on the part of these police officers must be dismissed.

Although plaintiff's Amended Complaint suggests two other claims against defendants LaCoste and Perez, one of these claims fails to allege the violation of a constitutional right, necessary to state a cause of action under 42 U.S.C. § 1983. To the extent that plaintiff seeks to argue that the two NYPD officers subjected him to custodial interrogation without providing any *Miranda* warnings, this Court notes that such warnings are not constitutionally mandated but are merely procedural safeguards to insure that a suspect's Fifth Amendment rights are not violated. *See J.D.B. v. North Carolina*, 131 S.Ct. 2394, 2401 (2011). Accordingly, "plaintiffs cannot base

a § 1983 claim solely on a law enforcement officer's failure to administer *Miranda* warnings." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 346 (2d Cir. 1998) (citing *Neighbour v. Covert*, 68 F.3d 1508, 1510-11 (2d Cir. 1995)). The appropriate remedy for the failure to read a suspect his *Miranda* warnings is the exclusion of any self-incriminating evidence, not liability under section 1983. *Id.*

On the other hand, it is unclear whether plaintiff's allegations concerning the "secret" lineups are sufficient to state a cause of action under 42 U.S.C. § 1983. The Amended Complaint does not allege sufficient facts to enable this Court to determine whether plaintiff's federal constitutional right to counsel attached prior to the lineups. Specifically, it is unclear what, if anything, occurred at "night court" before plaintiff was taken to the precincts where the lineups were conducted, if the "secret" lineups had anything to do with the case for which plaintiff was convicted, or what consequences the lineups had for plaintiff. Accordingly, to the extent that plaintiff seeks to allege a federal constitutional violation with respect to the "secret" lineups, he must amend his complaint to further explain the circumstances of these lineups.

### *Plaintiff's Claims against Justice Del Giudice*

Although plaintiff's Amended Complaint does not list Justice Del Giudice as a defendant, paragraph 34 of the Amended Complaint suggests that the justice denied plaintiff his right to be present throughout his criminal trial. Assuming that plaintiff was attempting to state a claim against Justice Del Giudice, however, that claim would be barred by the doctrine of judicial immunity for the reason discussed in the Prior M&O. Accordingly, any claims against Justice Del Giudice are dismissed.

### *Plaintiff's Claims against Detective Thomas Donohue*

Although plaintiff also failed to list Detective Donohue in the caption of the Amended Complaint or in that section of the pleading that lists the parties, paragraph 33 of the Amended Complaint specifically alleges that Donohue and his partner signed an unauthorized consent for medical treatment. It is, therefore, unclear whether plaintiff is attempting to sue Detective Donohue in this action. However, even if he is, this exact same claim against Detective Donohue is already contained in plaintiff's prior action, *Paige v. LaCoste,* Docket No. 10-CV-3356 (SLT), which remains pending before the Court. Since "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time," *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000), this claim against Detective Donohue is dismissed from this action.

### *Plaintiff's Claim against Unspecified Prison Officials*

Paragraph 36 of plaintiff's Amended Complaint alleges that someone at the prison facility in which plaintiff was incarcerated during his criminal trial falsely reported that plaintiff was refusing to come to court. This allegation implies that unspecified prison officials took actions which resulted in a violation of plaintiff's constitutional right to be present at his trial. However, this claim – like all other claims relating to alleged constitutional violations at plaintiff's trial – is precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87. The underlying basis for this principle is "that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. In this case, plaintiff has not alleged that his January 24, 2011 conviction and sentence have been overturned or found to be invalid. Thus, *Heck* precludes plaintiff from litigating in this civil rights action any claim alleging that plaintiff's constitutional rights were violated in the course of his trial.

### *Plaintiff's Claims against the City of New York*

Although the Amended Complaint does not include the City of New York as a defendant in the caption or in the list of "parties," the Amended Complaint alleges that the City "bears responsibility" for the NYPD officers' actions because it lacked a procedure "put in place for a cause of action when Officers commit[] an Official act of Misconduct." Amended Complaint at ¶ 11. Even assuming that plaintiff intended this allegation to state a cause of action against the City of New York, this allegation is insufficient to do so. First, plaintiff cannot base a defendant's liability under 42 U.S.C. § 1983 on *respondeat superior* or on "linkage in the ... chain of command." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). In order to bring a § 1983 claim against the City, plaintiff must show that the officers' unconstitutional acts were the result of a municipal policy or custom. *Los Angeles County, Cal. v. Humphries*, 131 S.Ct. 447, 449 (2010); *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978)). Even assuming that plaintiff can allege that one or both of the NYPD officers violated his constitutional rights by conducting "secret" lineups, plaintiff has not alleged facts to suggest that the officers' actions were due to any municipal policy or custom. Accordingly, plaintiff's Amended Complaint fails to state a cause of action against the City of New York.

## *CONCLUSION*

For the reasons stated above, defendant ADA Gough is dismissed from this action. To the extent that plaintiff intended to sue Justice Del Giudice, Detective Thomas Donohue, an unspecified prison official, or the City of New York in this action, plaintiff's claims against those parties are dismissed.

In addition, this Court dismisses those claims against defendants Perez and LaCoste which allege that these two NYPD officers (1) testified falsely both before the grand jury and at plaintiff's trial or (2) subjected plaintiff to custodial interrogation without providing any *Miranda* warnings. However, since it is unclear whether plaintiff's allegations that one or both of the NYPD officers conducted "secret" lineups are sufficient to state a cause of action under 42 U.S.C. § 1983, this Court will, in an abundance of caution, grant plaintiff leave to amend his complaint yet again to clarify the circumstances in which these lineups were held. Plaintiff's amended pleading must explain what, if anything, occurred at "night court" before plaintiff was taken to the precincts where the lineups were conducted; if the "secret" lineups had anything to do with the case for which plaintiff was convicted; and what consequences the lineups had for plaintiff.

If plaintiff elects to file an amended complaint, it shall be captioned, "Second Amended Complaint," and bear the docket number 10-CV-5469 (SLT)(RER). All further proceedings shall be stayed for thirty days or until plaintiff has complied with this Memorandum and Order. If plaintiff fails to file an amended complaint within the time allowed or to show good cause why he cannot comply, this action may be dismissed against defendants Perez and LaCoste. Although this case is fee-paid, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would

not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ SANDRA L. TOWNES
United States District Judge

Dated: August 22, 2011
Brooklyn, New York