FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 3 0 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ZAIRE PAIGE,

         Plaintiff,

    -against-

RASHAN LACOSTE, *et al.*,

         Defendants.
------------------------------------------------------------x
ZAIRE PAIGE,

         Plaintiff,

    -against-

THE CITY OF NEW YORK, *et al.*,

         Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-3356 (SLT)(RER)

10-CV-5469 (SLT)(RER)

**TOWNES, United States District Judge:**

On October 14, 2011, this Court received an affidavit from *pro se* plaintiff Zaire Paige asking, among other things, why the two above-captioned actions were "being dismissed." Writ of Discovery, dated Sept. 27, 2011, at 1. In a Memorandum and Order dated October 24, 2011, this Court responded by advising plaintiff that neither action had been dismissed. However, that Memorandum and Order warned plaintiff that the actions would be dismissed unless he (1) executed and returned certain releases to Corporation Counsel in *Paige v. LaCoste* and (2) filed a second amended complaint in *Paige v. City of New York* by November 14, 2011.

As of November 28, 2011, plaintiff had not filed an affidavit with the Court indicating that he had executed and returned the releases to Corporation Counsel in *Paige v. LaCoste* and had not filed the second amended complaint in *Paige v. City of New York*. Accordingly, on

November 28, 2011, this Court issued orders dismissing both cases and entering judgment against plaintiff and in favor of defendants.

On or about December 1, 2011, this Court received a Notice of Motion and an unsigned, unsworn "Affidavit" from plaintiff. Although both documents bear the date "Nov. 3, 11," the documents were mailed from Attica Correctional Facility on November 28, 2011. In the Notice of Motion, plaintiff "moves this Court to issue an order . . . giving plaintiff the right to prusue [*sic*] this action." This document implies that plaintiff had not yet drafted a second amended complaint in *Paige v. City of New York*, stating that he was "seriously thinking about amend[ing] both of the complaints." Notice of Motion at 1. However, the Notice of Motion also states that plaintiff was "in transit" between prisons and did not have access to his "legal work." *Id.*

The unsworn "Affidavit" indicates that plaintiff had been moved from Downstate Correctional Facility to Auburn Correctional Facility, was *en route* to Attica Correctional Facility, and was unaware of when he would receive his property, including his legal papers. Affidavit at 1. The affidavit also states, "I assure the Court I sent Corporation Counsel the proper signed releas[e] forms about 2 weeks ago." *Id.* In addition, the affidavit states, "Once I obtain my legal papers from my property I will most definitely send the Courts [sic] the proper paper work." *Id.*

Since the instant Notice of Motion and "Affidavit" was mailed on November 28, 2011 – the date on which this Court issued the orders dismissing the above-captioned actions – these documents could not have been intended to constitute a motion for relief from the judgments dismissing the above-referenced cases. While this Court could construe these documents as comprising such a motion, this Court declines to do so since neither of the documents is signed,

the "Affidavit" is unsworn, and plaintiff was unable to provide any specific facts in the absence of his legal papers.

Plaintiff is advised that he can elect to file a motion for relief from the judgments pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, provided that he makes the motion within a reasonable time after the entry of the judgments.[1] If plaintiff elects to move for relief from the judgment entered in *Paige v. LaCoste*, he should specify the date on which he sent the release forms to Corporation Counsel and explain why he failed to submit an affidavit stating that he had done so until November 28, 2011. If plaintiff elects to move for relief from the judgment entered in *Paige v. City of New York*, he should explain why he has yet to file the second amended complaint. To the extent that plaintiff wishes to argue that he was unable to comply with Court orders because he was in transit, he must state, in a sworn affidavit, precisely

---

[1] Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

when he left Downstate Correctional Facility, when he arrived at Attica Correctional Facility, and when he received his legal papers at Attica.

## CONCLUSION

For the reasons set forth above, this Court does not construe plaintiff's motion for "an order . . . giving plaintiff the right to prusue [*sic*] this action" to be a motion for relief from the judgments entered in the above-referenced cases. Plaintiff is advised that he may move for relief from either or both of these judgments under Rule 60(b) of the Federal Rules of Civil Procedure, provided that he makes the motion(s) within a reasonable time.

**SO ORDERED.**

/S/

/SANDRA L. TOWNES
United States District Judge

Dated: December 20, 2011
Brooklyn, New York